IN THE UNITED STATES COURT FOR FEDERAL CLAIMS

BID PROTEST NO. SPO100-04-R-0115,

| | |
|---|---|
| Maxit Designs Inc., | ) Case No. 07-543 C<br>) Chief Judge EDWARD J. DAMICH<br>) |
| Plaintiff, | ) AMENDED COMPLAINT For Copyright |
| vs. | ) Infringement, Trademark Infringement,<br>) Violations of Federal Contract Law,<br>) Unfair Trade Practices |
| United States of America, Department of Defense, and Defense Logistics Agency | )<br>)<br>) |
| Defendants | |

MAXIT Designs Inc. a company located at Box 1052, Carmichael, California 95609, and represented by its attorney of record, Linda K. Hopkins, Intelliware International Law Firm, 449 South Owasso Boulevard West, Roseville, Minnesota 55113, hereby serves a Summons and Complaint upon the United States Government and Jacqueline Pelullo, Department of Defense, Defense Logistics Agency, in her capacity as Contracting Officer, for breach of federal contract law practices, copyright infringement, trademark infringement and unfair trade practices.

COUNT ONE-COPYRIGHT INFRINGEMENT

MAXIT Designs Inc. is the registered owner of a copyright (TXu-394-088) that has been unlawfully infringed repeatedly by the Department of Defense, United States Government. Although the U. S. Government has been repeatedly notified of the infringements, the Government has chosen to continue to infringe using the copyrighted language in violation of DFARS 227.7011 Procurement of rights in inventions, patents, and copyrights. Plaintiff seeks an award by this court of damages for willful infringement, , attorneys' fees, and cessation of the infringing behavior-both on

their Internet sites and in publications, solicitations, advertising, and contracts.

COUNT TWO-BREACH OF COMMERCIAL SOLE SOURCE DEISGNATION

In addition, Plaintiff has unlawfully been denied millions of dollars in defense procurement contracts due to Defendants' breach of federal procurement laws. Plaintiff seeks damages for the solicitations unlawfully designated as open bid solicitations in violation of Federal Acquisition Regulations. Specifically, the Department of Defense violated Federal Acquisition Regulations 2.101; 12.101; 12.202; and 6.302-1(c) by not designating HEADGATOR® as a sole source for this product description. Plaintiff requests damages (amount yet to be determined via discovery), attorneys' fees, as well as future designation of Plaintiff's company as a commercial sole source for this particular item used by the military services.

COUNT THREE-BREACH OF PROTECTION OF PROPRIETY TECHNICAL DATA AND COPYRIGHTED DATA

Plaintiff seeks damages for U. S. Government's disclosure of Plaintiff's proprietary technical data and copyrighted data. U. S. Government purchased 2,000 units of HEADGATOR® for testing purposes. For purposes of testing the product, the US Government requested proprietary and copyrighted information from Plaintiff. The US Government and the Department of Defense were informed that technical information related to the product was proprietary and not to be released to other party, but the Department of Defense improperly released this proprietary and copyrighted information in its solicitations for the product while selecting other vendors from whom to purchase the product. By releasing the proprietary technical data publicly and without restriction, the US Government violated its own Technical Data Regulations, namely, FAR 12.211; DFARS 227.7105-1; 227.7105-2 Acquisition of existing works without modification.;

252.227-7015 Technical Data--Commercial Items; and 227.7103-5 Government rights.

COUNT FOUR-TRADEMARK INFRINGEMENT, TRADEMARK DILUTION

Plaintiff's trademark rights have been repeatedly damaged by unlawful use by the Department of Defense. Plaintiff seeks an injunction, treble damages and costs of the action.

Plaintiff holds a registered trademark for HEADGATOR®, Registration No. Serial Number 73573746, and has common-law trademark rights in the same make. This mark has repeatedly been infringed, and diluted by use of the infringing mark and its "palming off" of the infringing product by the U. S. Government in the same market; i.e. "Neck Gaiter", that market being government sales, government stores, and over the Internet. The Government has been warned of its misconduct and has chosen to continued its illegal behavior.

REMEDIES

With respect to the Defendant's copyright infringement, Plaintiff requests recovery of the actual damages to Plaintiff, profits of the U. S. Government attributable to the infringement, court costs and attorneys' fees, a permanent injunction against Defendant's use of infringing language and destruction of any material on which the infringing language appears, whether in electronic or printed form, and damages for willful infringement.

With respect to the Defendant's breach of Federal Acquisition and Defense Federal Acquisition Regulations, the Plaintiff seeks damages including but not limited to loss of all solicitations not awarded Plaintiff for item entitled "Neck Gaiter" by the Department of Defense or any other U. S. Government agency; damages to commercial reputation

and loss of trade secrets, designation of Plaintiff as sole source commercial item for all future procurements of this item; and full court costs and attorneys' fees.

With respect to trademark infringement, bad faith, and dilution, Plaintiff seeks monetary relief may also be available, including: (1) defendant's profits, (2) any damages sustained by the plaintiff including lost future profits, (3) the costs of the action and attorneys fees under 15 U.S.C. § 1117(a), and (4) treble damages for bad faith under common-law theories of recovery. Plaintiff also seeks injunctive relief of government's unlawful trademark infringement and dilution.15 U.S.C. § 1125(c).

By /s/ Linda Kay Hopkins

Date: August 17, 2007

Linda K. Hopkins,
Attorney at Law
Intelliware Int'l Law Firm
449 South Owasso Boulevard West
Roseville, MN 55113
651-481-0177
Fax: 651-481-0177