***No. 07-543 C***
***Chief Judge Edward J. Damich***

***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

***MAXIT DESIGNS, INC.,***

***Plaintiff,***

***v.***

***THE UNITED STATES OF AMERICA,***

***Defendant.***

***DEFENDANT'S PARTIAL MOTION FOR DISMISSAL OF COUNTS 2 – 4 FOR LACK OF SUBJECT MATTER JURISDICTION AND COUNTS 2 – 3 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED***

**PETER D. KEISLER**
**Assistant Attorney General**

**JOHN J. FARGO**
**Director**

**SUSAN L. C. Mitchell**
**Assistant Director**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Washington, D. C. 20530**
**Telephone: (202) 616-8116**
**Facsimile: (202) 307-0345**
**E-mail: susan.mitchell@usdoj.gov**

**November 16, 2007**

## TABLE OF CONTENTS


I. STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. This Court Lacks Subject Matter Jurisdiction Over Counts 2 – 4 . . . . . . . . 3

1. Maxit Has Failed to Identify Any Money-Mandating Statute That Entitles It To Relief for Counts 2 and 3 . . . . . . . . . . . . 3

a. This Court Lacks Subject Matter Jurisdiction Over Count 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

b. This Court Lacks Subject Matter Jurisdiction Over Count 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2. Any Claim by Maxit for Trademark Infringement Must Be Brought In A United States District Court . . . . . . . . . . . . . . . . . 7

B. Maxit Has Failed to State a Claim Under Counts 2 and 3 For Which This Court Can Grant Relief . . . . . . . . . . . . . . . . . . . . . . . . . 8

1. Plaintiff Fails to State a Basis Under Count 2 for Protesting a Procurement Resulting from Open Competition Because It Allegedly Should Have Been the Subject of a Sole Source Award . . . . . . . . . . . . . . . . . . . . . . . 9

2. Any Alleged Improper Use or Release of Proprietary Information Occurred in 1994 When the Original Specification Was Written, Rendering Count 3 Time-Barred . . . . . . . . . . . . . . . 10

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

### CASES

AT&T Co. v. United States,
307 F.3d 1374 (Fed. Cir. 2002) ..........10

Airborne Data, Inc. v. United States,
702 F.2d 1350 (Fed. Cir. 1983) ..........11

Brown v. United States,
105 F.3d 621 (Fed. Cir. 1997) ..........4

Avtel Svs., Inc. v. U.S.,
70 Fed. Cl. 173 (Fed. Cl. 2006), appeal dismissed, 501 F.3d 1259 (Fed. Cir. 2007) ..........11

Conley v. Gibson,
355 U.S. 41 (1957) ..........8

Emery World Airlines, Inc. v. United States,
264 F.3d 1071 (Fed. Cir. 2001) ..........9

Herbert Cooper Co.,
38 Comp. Gen. 276 (1958) ..........9

International Stamp Art, Inc. v. United States,
456 F.3d 1270 (11th Cir. 2006) ..........8

John R. Sand & Gravel Co. v. United States,
457 F.3d 1345 (Fed. Cir. 2006), cert. granted in part, 127 S. Ct. 2877 (2007) ..........12

Johnson v. United States,
70 Fed. Cl. 296 (Fed. Cl. 2006) ..........3

Lockridge v. United States,
218 Ct. Cl. 687 (Ct. Cl. 1978) ..........7

McNutt v. Gen Motors Acceptance Corp.,
298 U.S. 178 (1936) ..........3

Motorola v. United States,
729 F.2d 765 (Fed. Cir. 1984) ..........9

Pentagen Techs. Internat'l Ltd. v. U.S.,
175 F.3d 1003 (Fed. Cir. 1999) ..........11

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) ....................8

Renne v. Geary,
501 U.S. 312 (1991).. . . . . . . . . . . . . . 3

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991). . . . . . . . . . . . . 3, 12

South Corp. v. United States,
690 F.2d 1368 (Fed. Cir. 1982). . . . . . . . . . . . . 8

Tippett v. United States,
185 F.3d 1250 (Fed. Cir. 1999). . . . . . . . . . . . . 5

Trojan, Inc. v. Shat-R-Shield, Inc.,
885 F.2d 854 (Fed. Cir. 1989). . . . . . . . . . . . . 9

United States v. Mitchell,
463 U.S. 206 (1983).. . . . . . . . . . . . . . 4, 5

United States v. Sherwood,
312 U.S. 584 (1941).. . . . . . . . . . . . . . 3

United States v. Testan,
424 U.S. 392 (1976).. . . . . . . . . . . . . . 3, 4

**STATUTES**

15 U.S.C. § 1121(a)(1988).. . . . . . . . . . . . . . 8

17 U.S.C. § 102(a). . . . . . . . . . . . . . 7

28 U.S.C. § 1491. . . . . . . . . . . . . . 4, 11

DOD, is the Tucker Act, 28 U.S.C. § 1491. . . . . . . . . . . . . . 4

28 U.S.C. § 1498(a). . . . . . . . . . . . . . 9, 10

28 U.S.C. § 2501. . . . . . . . . . . . . . 2, 11

**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | |
|---|---|
| MAXIT DESIGNS, INC., | |
| Plaintiff, | |
| v. | No. 07-543 C<br>Chief Judge Edward J. Damich |
| UNITED STATES, | |
| Defendant. | |

**DEFENDANT'S PARTIAL MOTION FOR DISMISSAL OF COUNTS 2 – 4 FOR LACK OF SUBJECT MATTER JURISDICTION AND COUNTS 2 – 3 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, the United States (government) hereby moves to dismiss Counts 2, 3, and 4 of the Amended Complaint filed August 17, 2007, in this action for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), and further moves to dismiss Counts 2 and 3 for failure to state a cause of action pursuant to RCFC 12(b)(6).

## I. STATEMENT OF THE CASE

Plaintiff's complaint, filed July 19, 2007, contains but three paragraphs, each asserting a different cause of action. On August 17, 2007, plaintiff filed an Amended Complaint (Am. Complaint), expanding somewhat on its allegations and adding a new count. Paragraph 1 of the Amended Complaint alleges that the government, through the Department of Defense (DOD), has infringed a copyright owned by Maxit Designs (Maxit) and registered as TXu-394-088 (Am. Complaint, ¶ 1). The government will provide its answer to this count simultaneously with this motion.

Maxit bases Count 2 of its Complaint on an alleged breach of federal procurement law regulations which it claims required the government to designate its product, which it sells under

the trade mark HEADGATOR®, as a sole source for the described item. (Am. Complaint, ¶ 2). It cites Federal Acquisition Regulations (FARS) 2.101, 12.101, 12.202, and 6.302-1(c) as mandating such a sole source designation.

In Count 3, Maxit claims that the government has breached procurement regulations by releasing "proprietary and copyrighted information" in its solicitations. (Am. Complaint, ¶ 3). It cites FAR 12.211 and Defense Federal Acquisition Regulations (DFARS) 227.7105-1; 227.7105-2; 252.227-7015; and 227.7103-5.

Finally, Maxit asserts a claim for trademark infringement as Count 4. (Am. Complaint, ¶ 3). It identifies HEADGATOR®, Ser. No. 73573746 (Reg. No. 1,486,168), as the trademark allegedly infringed by the government's use of the term "Neck Gaiter" in connection with products that it procures from others for the government's use. Maxit cites no statute providing this court with jurisdiction over an action for trademark infringement.

## II. DISCUSSION

Plaintiff has failed to identify any money-mandating statute that provides it with a cause of action for breach of federal procurement law, as alleged in Counts 2 and 3. Thus, Maxit fails to establish that this Court has jurisdiction over Counts 2 or 3. Even if this Court had subject matter jurisdiction over Counts 2 or 3, Maxit has failed to state any cause of action by failing to allege a basis upon which the alleged violation of federal procurement laws and regulations gives rise to a cause of action against the government. Furthermore, the alleged improper use of proprietary information set forth in Count 3 occurred in 1994, and is therefore barred by the six year statute of limitations for actions under the Tucker Act. See 28 U.S.C. § 2501.

Finally, with regard to Count 4, only the district courts have jurisdiction over a trademark infringement action, including one against the Federal Government. The Court of Federal Claims has no jurisdiction to entertain an action under the Lanham Act.

### A. This Court Lacks Subject Matter Jurisdiction Over Counts 2 – 4

Maxit has the burden to establish the subject matter jurisdiction of this Court. Johnson v. United States, 70 Fed. Cl. 296, 297 (Fed. Cl. 2006) (citing McNutt v. Gen Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Because the government challenges the subject matter jurisdiction of Counts 2 through 4, Maxit has the burden of supporting its allegations of these counts by competent proof. See Renne v. Geary, 501 U.S. 312, 316 (1991) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); Johnson, 70 Fed. Cl. at 297 (citations omitted). When deciding a motion to dismiss for lack of subject matter jurisdiction, the Court may inquire into and decide disputed jurisdictional facts. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

A federal court is presumed to lack subject matter jurisdiction "unless 'the contrary appears affirmatively from the record.'" Renne, 501 U.S. at 316. The Federal Government, as sovereign, "is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).

#### 1. Maxit Has Failed to Identify Any Money-Mandating Statute That Entitles It To Relief for Counts 2 and 3

Although not specifically stated in Maxit's complaint, the only jurisdictional basis for which the government has waived its sovereign immunity for Counts 2 and 3, which assert

breach of regulations of DOD, is the Tucker Act, 28 U.S.C. § 1491. The Tucker Act provides that this Court has jurisdiction to

> render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491.[1]

The Tucker Act, however, is merely a jurisdictional statute; "it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." Testan, 424 U.S. at 398 (citing Eastport S.S. Corp. V. United States, 372 F.2d 1002, 1007-1009 (Ct. Cl. 1967)); see also United States v. Mitchell, 463 U.S. 206, 216 (1983) (holding Tucker Act does not create any substantive right). "A substantive right must be found in some other source of law, such as 'the Constitution, or any Act of Congress, or any regulation of an executive department." Mitchell, 463 U.S. at 216. The substantive right asserted by Maxit is allegedly created by the enumerated FAR and DFAR provisions. See Complaint at 2–3.

In determining whether a substantive right has been created by a regulation for which Maxit may sue the government under section 1491, the Court must examine whether the regulation mandates compensation to Maxit for the damage that it allegedly sustained. Testan, 424 U.S. at 401–402; see Brown v. United States, 105 F.3d 621, (Fed. Cir. 1997) ("Courts have consistently held that the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation.").

---

[1] To the extent that Count 2 can be construed as a post award bid protest, Maxit has failed to state a cause of action.

> Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."

Mitchell, 463 U.S. at 216–17 (quoting Testan, 424 U.S. at 400 (quoting Eastport S.S. Corp., 372 F.2d at 1009)); see also Tippett v. United States, 185 F.3d 1250, 1254 (Fed. Cir. 1999) ("When a contract is not involved, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a constitutional provision, a statute, or a regulation that provides a substantive right to money damages.").

**a. This Court Lacks Subject Matter Jurisdiction Over Count 2**

In Count 2, plaintiff alleges that DOD was required to designate it as the sole source for the Neck Gaiter items, rather having an open bid process for the items. See Complaint at 2. Maxit cites four regulations to support its claim: FAR 2.101, 12.101, 12.202 and 6.302-1(c).

Rather than mandatory requirements, they are merely directives - and mainly general directives - to the Department of Defense. None of the provisions cited by Maxit for Count 2 creates a substantive right for the breach of which Maxit may seek money damages from the government. FAR 2.101 provides definitions, and defines a commercial item to include one that has been offered to the general public. FAR 12.101 directs the government, as a matter of policy, to research whether commercial or nondevelopmental items can meet governmental needs, and if so, to procure them. FAR 12.202 directs the government, in setting forth an agency's description of need in a solicitation, to describe how the article will be used and its essential functional or physical characteristics so that a bidder can determine whether a commercial product will be suitable. FAR 6.203-1(c) states that the use of a brand name, or a description to specify a particular brand, does not promote full and open competition, and therefore requires justification.

There is nothing in these regulations that provides any money remedy to a bidder for their alleged violation.[2] Rather, they are intended to promote full and open competition wherever possible, and in fact, would discourage the very type of sole source designation that plaintiff seeks. Here, the fact that plaintiff's HEADGATOR® product might be a commercial product that would meet the needs set forth in the solicitation does not mean that the government was obligated to designate it as the only acceptable product. Indeed, the import of FAR 12.202 and 6.302-1(c) requires the opposite – the government was required to set forth its solicitation in a manner that would allow the suppliers of other products, including other commercial products – to respond. These regulations, at most, merely guide the contracting officer in her exercise of discretion in determining how to frame a solicitation in order to obtain full and open competition. There is no provision for a money remedy for a "breach" of these regulations for a competitor who is allegedly injured by such breach. Therefore, this Court lacks subject matter jurisdiction over Count 2 of the Amended Complaint.

**b. <u>This Court Lacks Subject Matter Jurisdiction Over Count 3</u>**

By the same token, none of the regulations cited by plaintiff in Count 3 provides any damages remedy for its violation. The fact that regulations may forbid certain actions does not necessarily mean that a disappointed bidder can sue for damages.

FAR 12.211, cited by plaintiff, sets forth a general policy that the government shall not normally acquire rights in technical data pertaining to a commercial item, and if it decides it is necessary to acquire technical data, shall presume it was developed at private expense and shall

[2] While we disagree that there has been any violation of these regulations by a description in the specification that does not contain plaintiff's HEADGATOR® brand name, and which merely sets forth physical characteristics of the desired article, we do not address that merits-related point in this motion to dismiss.

include contract clauses delineating the respective rights in technical data in any contract or solicitation. DFARS 227.7105-1 and 227.7105-2 call for the government to acquire a license if it intends to reproduce an existing copyrighted work, as indicated by the opening lines of that regulation, which explicitly refers to classes of copyrighted works. See 17 U.S.C. § 102(a) (listing same works referred to in DFARS 227.7105-1). Section 252.227-7015 is a contract clause contained at the end of DFARS that is prescribed for acquisition of technical data in commercial items. It lists various actions that the government may take when it receives technical data for a commercial item. Finally, DFARS 227.7103 defines the various types of data rights -- unlimited, government purpose and limited -- that apply to technical data and permits the contracting officer to negotiate for additional rights, if she feels they are needed.

While these various FAR and DFAR provisions direct the contracting officer in selecting appropriate clauses for inclusion, they do not contain any language indicating that a disappointed bidder may sue for damages. Nor has plaintiff alleged that the DFARS contract clause, 252.227-7015, appears in any contract between it and the government. Therefore, this Court lacks subject matter jurisdiction over Maxit's claim in Count 3 of the Amended Complaint.

### 2. Any Claim by Maxit for Trademark Infringement Must Be Brought In A United States District Court

Count 4 of the Complaint alleges infringement of a registered mark for HEADGATOR®. Because trademark infringement is a claim sounding in tort, the Court of Federal Claims lacks subject matter jurisdiction over such an action. See Lockridge v. United States, 218 Ct. Cl. 687 (Ct. Cl. 1978) (appellate division of the Court of Claims held that it lacked jurisdiction over claims for trademark infringement sounding in tort). The precedent of the Court of Claims has been adopted by the Federal Circuit as its precedent, and therefore, is binding upon this Court.

South Corp. v. United States, 690 F.2d 1368, 1371 (Fed. Cir. 1982). Thus, there is no jurisdiction over any claim for trademark infringement in this Court, and Count 4 should be dismissed. Rather, jurisdiction over an action for trademark infringement lies in district court. 15 U.S.C. § 1121(a)(1988); see International Stamp Art, Inc. v. United States, 456 F.3d 1270 (11th Cir. 2006).

### B. Maxit Has Failed to State a Claim Under Counts 2 and 3 For Which This Court Can Grant Relief

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under RCFC 12(b)(6), the Court must assume that all well-pleaded averments in the complaint are true and draw all reasonable inferences from such averments in favor of the plaintiff. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). A complaint should be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957); see Perez, 156 F.3d at 1370 ("A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not, under the law, entitle him to a remedy."). Maxit has not stated a claim for relief under either Counts 2 or 3.

**1. Plaintiff Fails to State a Basis Under Count 2 for Protesting a Procurement Resulting from Open Competition Because It Allegedly Should Have Been the Subject of a Sole Source Award**

Maxit asserts in Count 2 that it would have been a successful bidder for many government contracts had the government designated it as a sole source for the neck gaiter. Am. Complaint at 2. Maxit, however, has no basis for a bid protest in which it seeks to exclude other bidders.

Normally, bid protests proceed from a disappointed bidder arguing that its bid was not properly considered. Emery World Airlines, Inc. v. United States, 264 F.3d 1071, 1085-86 (Fed. Cir. 2001). Here, while Maxit does not allege that it was a disappointed bidder, it apparently did bid in 2006 in response to Defense Procurement Supply Center (DPSC) Solicitation No. SPO100-04-R-0115, and was advised in May 2007 that the contract had been awarded to Meke, Inc. (Exhibit A, ltr Pellulo to Maxit dtd May 2, 2007). However, Maxit does not allege that its proposal was not fairly evaluated, but rather, simply argues that a sole source procurement should have been made from it, rather than through full and open competition. There is no authority for a post-award protest under these circumstances.[3] Thus, Count 2 should also be dismissed for failure to state a cause of action.

Furthermore, Maxit's allegation that it was unlawfully denied "millions of dollars in defense procurement contracts" indicates that the government found sources other than Maxit

---

[3] Any claim by Maxit that the procurement will result in infringement of its copyright, and thereby permit a post-award protest, is at odds with Trojan, Inc. v. Shat-R-Shield, Inc., 885 F.2d 854, 857 (Fed. Cir. 1989), in which the Federal Circuit rejected a similar argument relating to patents as foreclosed by 28 U.S.C. § 1498(a). By the same token, section 1498(b) which provides the exclusive remedy for copyright infringement by or for the government, precludes any argument that a competitive procurement award can be enjoined because of alleged copyright infringement. See also, Motorola v. United States, 729 F.2d 765, 771 (Fed. Cir. 1984) (citing Herbert Cooper Co., 38 Comp. Gen. 276 (1958)) (discussing fact that § 1498 precludes injunction against bidder offering infringing product).

from which it could procure neck gaiters. (See, Amended Complaint at ¶ 2). That, in itself, demonstrates that a sole source procurement would not have been justified as required by FAR 6.302-1(c), because the desired item was available from other sources. In that instance, the regulations cited by Maxit require full and open competition in selecting a source for these items. This is the opposite of the result urged by Maxit.

Nor does Maxit have any cause of action for damages with regard to the alleged violation of procurement regulations in designating the neck gaiter item for open competition. Not all violations of procurement law or regulations give rise to a cause of action by a potential bidder. AT&T Co. v. United States, 307 F.3d 1374, 1380 (Fed. Cir. 2002). In *AT&T*, the Federal Circuit held that neither the particular statute involved, nor the various procurement regulations and directives that were allegedly violated, conferred a cause of action on the contractor against the government. Rather, it noted:

> [T]he fact that a procurement practice is prohibited does not necessarily mean that it is therefore actionable. The discipline to be administered in such cases is a responsibility of the cognizant procurement officials within the agency . . . [and not] by this court.

Id. (quoting E. Walters & Co. v. United States, 576 F.2d 362, 367 (Ct. Cl. 1978)). Again, Count 2 should be dismissed for failure to state a cause of action.

**2. Any Alleged Improper Use or Release of Proprietary Information Occurred in 1994 When the Original Specification Was Written, Rendering Count 3 Time-Barred**

In Count 3, plaintiff asserts that it sold 2,000 items to the government and that it also supplied proprietary and copyrighted information that was improperly released in its specifications and bid solicitations. With regard to copyrighted material, any remedy provided to plaintiff arises under 28 U.S.C. § 1498(b). Section 1498(b) sets forth the *exclusive* remedy for

any infringement of a copyrighted work. Pentagen Techs. Internat'l Ltd. v. U.S., 175 F.3d 1003, 1005 (Fed. Cir. 1999). Thus, Count 3 should be dismissed as it pertains to copyrighted material. Plaintiff's sole remedy lies under section 1498(b), and it raises such a claim in Count 1 of the Amended Complaint.

With respect to any release of proprietary information in violation of restrictions on proprietary data, plaintiff's claim arose in 1994, and has long since been time-barred.[4] Where the government provides, by regulations, that proprietary information may be submitted to it in accordance with regulations that require it to be marked, an implied in fact contract may result, for which the government is subject to suit for breach pursuant to 28 U.S.C. § 1491. See, e.g., Airborne Data, Inc. v. United States, 702 F.2d 1350 (Fed. Cir. 1983). However, as noted in a letter from Maxit Designs to the Defense Logistics Agency, dated April 28, 1994, the alleged improper release of proprietary information occurred in 1994 – over 13 years before this action was filed. (Exhibit B). Given that the applicable statute of limitations for an action under section 1491 for breach of contract, 28 U.S.C. § 2501, requires that any action be brought within six years after it first accrues, any claim for violation of an implied contract to protect plaintiff's alleged proprietary information is long time-barred. The statute of limitations provided by

---

[4] We dispute that any improper release of proprietary information occurred as a result of the release of a specification. For example, to the extent that the information that is allegedly proprietary can be discerned from an inspection of plaintiff's commercially available HEADGATOR® product, it is not properly considered proprietary. Cf. Avtel Svs., Inc. v. U.S., 70 Fed. Cl. 173, 196 (Fed. Cl. 2006) (stating information in a publicly available document is not proprietary), appeal dismissed, 501 F.3d 1259 (Fed. Cir. 2007).

section 2501 is a jurisdictional limitation on the waiver of the government's sovereign immunity.[5] John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006), cert. granted in part, 127 S. Ct. 2877 (2007).

Thus, plaintiff has not set forth any cause of action for breach of any contract between it and the government. Thus, it has failed to state a cause of action, as well as, failing to allege any basis for jurisdiction to adjudicate these alleged violations of procurement regulations and policy.

## III. CONCLUSION

This Court lacks subject matter jurisdiction over Counts 2 through 4. Maxit has also failed to state a claim for relief under Counts 2 and 3. Counts 2 through 4 of the Amended Complaint should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Susan L. C. Mitchell
SUSAN L. C. MITCHELL
Assistant Director
Civil Division
Department of Justice
Washington, D. C. 20530
Electronic Mail: susan.mitchell@usdoj.gov
Telephone: (202) 616-8116
Facsimile: (202) 307-0345

Dated: November 16, 2007

[5] Since the statute of limitations is jurisdictional, material outside the pleadings, such as the letter from Maxit first complaining about the government's specification, can be considered in a motion to dismiss. Rocovich, 933 F.2d at 993. To the extent it cannot be considered, this portion of the motion may be treated as a motion for summary judgment. RCFC 12(b). We further note that, while the John R. Sand & Gravel decision is binding upon this Court, the Supreme Court has granted *certiorari* and the case was argued on November 8, 2007.