**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| MAXIT DESIGNS, INC., Plaintiff, | ) |
| v. | ) No. 07-543 C |
| | ) Chief Judge Edward J. Damich |
| UNITED STATES, Defendant. | ) |

**UNITED STATES' ANSWER TO COUNT I OF THE AMENDED COMPLAINT**

The United States ("government") respectfully submits its answer to the averments contained in Count I of the Amended Complaint filed by plaintiff Maxit Designs Inc. (Maxit) on August 17, 2007, in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure and the Rules the Court of Federal Claims. The government has filed concurrently herewith, a motion to dismiss Counts 2 – 4. Pursuant to RCFC 12(b). In response to the Amended Complaint, the government states as follows:

To the extent that paragraph 1 of the Amended Complaint asserts facts, the government is without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Amended Complaint, and therefore, denies them.

Count One – Alleged Copyright Infringement

The government admits that Maxit Designs Inc. is the registered owner of the copyright evidenced by registration number TXu-394-088. The remaining assertions are legal conclusions to which no response is required. To the extent that there are other factual assertions in Count One of the Amended Complaint, the government denies them.

The two paragraphs under the heading "Remedies" set forth Maxit's prayer for judgment and are not averments of fact requiring a response. To the extent that they are considered averments of fact, the government denies them. Maxit is not entitled to the relief sought.

**THE GOVERNMENT'S FURTHER ANSWER CONCERNING ITS DEFENSES**

Further answering, the government alleges upon current information and belief that:

1. The government has not infringed Maxit's copyright.

2. Maxit's Tucker Act claim is barred by the six year statute of limitations set forth in 28 U.S.C. § 2501.

3. Maxit is barred from recovering damages for copyright infringement committed more than three years, plus the amount of time between the receipt of any administrative claim and the mailing of the denial, prior to the filing of the Complaint. See 28 U.S.C. § 1498(b).

4. Maxit's claim is barred by equitable considerations, including laches and estoppel.

5. The description of the ways in which a HEADGATOR® may be worn or the description of the physical properties of the HEADGATOR® is not copyrightable subject matter. The allegedly infringing material is so merged with the underlying idea, or otherwise not entitled to copyright protection on its own, that no infringement can result from its use by the government.

6. The Department of Defenses inclusion of alleged copyrighted material in an item description for procurement was fair use. See 17 U.S.C. § 107.

7. Answering further, the government asserts any and all defenses which are presently unknown to the government but which, when ascertained, the government prays leave to add to this Answer.

WHEREFORE, the government respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Maxit;

B. That the Court adjudge Maxit's copyrights not infringed by or for the government.

C. That the Court adjudge Maxit not entitled to any compensation.

D. That the government recover from Maxit all of its expenses, including costs and attorneys' fees; and

E. That the government have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Susan L. C. Mitchell
SUSAN L. C. MITCHELL
Assistant Director
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 616-8116
Facsimile: (202) 307-0345
E-mail: susan.mitchell@usdoj.gov

Dated: November 16, 2007