IN THE UNITED STATES COURT FOR FEDERAL CLAIMS

| | |
|---|---|
| Maxit Designs Inc.,<br>Plaintiff,<br>vs.<br>United States of America,<br>Defendant | Case No. 07-543 C<br>Chief Judge EDWARD J. DAMICH<br><br>Response by Plaintiff |

**PLAINTIFF'S RESPONSE TO ANSWER ONE OF U. S. GOVERNMENT**

Maxit Designs Inc. respectfully submits its response to the answer specific to Count 1 of the Amended Complaint filed by Plaintiff, in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Plaintiff Maxit Designs Inc. asserts that the U. S. Government has knowledge that the government, acting by and on behalf of the Department of Defense, did commit copyright infringement for over ten years against the Plaintiff and wrongfully denies said infringement. In support of this statement, Plaintiff refers to Letter from the Department of Defense, dated June 9, 2005, which Defendant has in their files, admitting its infringement.

Plaintiff further asserts that trademark infringement, trade secret violations, and trademark dilution claims may be associated and brought within the jurisdiction of the United States Court of Federal Claims for purposes of judicial economy, stemming from the nexus and actors. as having the same nexus.

**PLAINTIFF'S FURTHER RESPONSES TO ANSWERS OF U. S. GOVERNMENT**

Further, the Plaintiff responds that:

1. The government has infringed Plaintiff's copyright and may be continuing to infringe it;

2. Plaintiff's denies claims are barred by equitable considerations, including laches and estoppel.

3. The copyrighted language owned by Plaintiff is registered and, therefore, is per se valid under the rules of the United States Copyright Act, and any assertions by Defendant that copyright is not protectable are denied;

4. The United States government's use of the copyrighted language of Plaintiff is not fair use as stated in 17 U.S. C § 107 because, among other reasons, the material was used for purposes of increasing the commercial value of the government's sales and resale; used by Defendant in its entirety, not in part; had the effect of diminished Plaintiff's sales and damaged the market reputation of Plaintiff; was clearly marked with Plaintiff's copyright; and was publicly registered.

Wherefore, the Plaintiff respectfully requests that the Court find for the Plaintiff on each and every count, that the Court enforce Plaintiff's copyrights, that the Court adjudge Plaintiff entitled to just compensation, that Plaintiff recover from the U. S. Government all of its expenses, including costs and attorneys' fees; and that the Plaintiff have such further relief as the Court deems proper and just.

Respectfully submitted,

/s/ Linda K. Hopkins
Linda K. Hopkins, Attorney At Law
Attorney for Plaintiff Maxit Designs Inc.
INTELLIWARE INT'L LAW FIRM
449 South Owasso Boulevard West
Roseville, Minnesota 55113
(Phone/Fax) 651-481-0177

5.