# In the United States Court of Federal Claims

No. 07-543 C

(Filed: July 17, 2008)

```
***********************************
MAXIT DESIGNS, INC.,                *
                                    *
                    Plaintiff,      *
                                    *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
***********************************
```

**ORDER**

On July 7, 2008, Plaintiff filed a motion requesting voluntary dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a).[1]

Under Rule 41(a)(1) of the Rules of the Court of Federal Claims ("RCFC"), an action may be dismissed after an answer is filed, without an Order from the Court, only if the requesting party files a stipulation or motion for dismissal that is signed by both parties. Here, Plaintiff's motion was not signed by Defendant, so a RCFC 41(a)(1) dismissal is not possible.

Under RCFC 41(a)(2), an action may be dismissed by Order of the Court upon a motion for voluntary dismissal by the plaintiff. Here, Plaintiff's motion to dismiss is defective under RCFC 11(a), because it was not signed by Plaintiff's attorney of record. Because of this deficiency, the Court DENIES Plaintiff's motion to voluntarily dismiss under Rule 41(a).

On May 30, 2008, this Court issued an Order requiring Plaintiff to file a response to Defendant's motion to dismiss and requiring the parties to file a joint preliminary status report on or before July 7, 2008. Plaintiff did not file the response brief and a joint preliminary status report was not filed. Additionally, the Court noted in the Order that if Plaintiff was not prepared to proceed with this case (i.e., had not found new counsel) by July 7, 2008, the Court would be

---

[1] Plaintiff cited to the Federal Rules of Civil Procedure, rather than to the Rules of the Court of Federal Claims.

inclined to dismiss the case for failure to prosecute under RCFC 41(b). Plaintiff has apparently not retained new counsel, has done nothing to move the case forward, and obviously does not wish to proceed.

Accordingly, this case is DISMISSED, without prejudice, pursuant to RCFC 41(b).

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge